FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## COMPLAINT

Williams   77-00057283
(Last Name)   (Identification Number)

Kevin    Leigh
(First Name)   (Middle Name)

Hinds County Detention Center
(Institution)

1450 County Farm Road, Raymond, MS. 39154
(Address)

(Enter above the full name of the plaintiff, prisoner and address of plaintiff in this action)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 27 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

V.    CIVIL ACTION NUMBER: 3:17cv508-TSL-LRA
(to be completed by the Court)

Hinds County Board of Supervisors,

Hinds County, Warden: Mary Rushing,

Hinds County Sheriff: Victor Mason

Deputy Sheriff: Tony Alexander,

Deputy Sheriff: Brandon Williams

Corrections Sergeant: Don Jackson

Dt. Corrections Deputy: Dera Mola

(Enter the full name of the defendant(s) in this action)

## GENERAL INFORMATION

A.  At the time of the incident complained of in this complaint, were you incarcerated?
    Yes (✓)   No ( )

B.  Are you presently incarcerated?
    Yes (✓)   No ( )

C.  At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?
    Yes ( )   No (✓)

D.  Are you presently incarcerated for a parole or probation violation?
    Yes ( )   No (✓)

E.  At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?
    Yes ( )   No (✓)

F.  Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?
    Yes ( )   No (✓)

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank.)

I. Name of plaintiff: Kevin Leigh Williams    Jacket Prisoner Number: 57283

Address: 1450 County Farm Road, Raymond, Ms. 39154

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions and places of employment of any additional defendants.)

II. Defendant: Hinds County Board of Supervisors is employed as Supervisors of Hinds County, Ms. at Hinds County Detention Center / City of Raymond, Ms

The plaintiff is responsible for providing his/her address and in the event of a change of address, the new address of plaintiff as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

NAME: Kevin Leigh Williams

ADDRESS: 1450 County Farm Rd. Raymond, MS, 39154

DEFENDANT(S):

NAME: Hinds County
ADDRESS: P.O. Box 686 Jackson, MS. 39205

Warden: Mary Rushing    1450 County Farm Rd. Raymond, Ms. 39154

Hinds County Sheriff: Victor Mason    407 East Pascagoula St. Jackson, Ms. 39201

Deputy Sheriff: Tony Alexander    407 East Pascagoula St. Jackson, Ms. 39201

## - PARTIES -

DEFENDANT(S):

NAME:

DEPUTY SHERIFF: BRANDON WILLIAMS       407 EAST PASCAGOULA ST.
                                       JACKSON, MS. 39201

CORRECTIONS DEPUTY: DERA MOLA          1450 County Farm Rd
                                       Raymond, Ms. 39154

CORRECTIONS SERGEANT: DON JACKSON      1450 County Farm Rd.
                                       Raymond, Ms. 39154

2 (A)

## OTHER LAWSUITS FILED BY PLAINTIFF

> **NOTICE AND WARNING**
> The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any lawsuits in a court of the United States?   Yes ( ✓ )   No ( )

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse of this page or additional sheets of paper.)

CASE NUMBER 1.
1. Parties to the action: Williams V. McComb Police Department et al.
2. Court (if federal court, name the district; if state court, name the county): The Southern district of Miss.
3. Docket Number: NOT SURE
4. Name of judge to whom case was assigned: CWR. - LRA., HON.,
5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) SETTLED IN-PART

CASE NUMBER 2.
1. Parties to the action: Kevin Leigh Williams V. Lieu. First Name Un-Known Harold, et al.
2. Court (if federal court, name the district; if state court, name the county): PIKE COUNTY MISS.
3. Docket Number: 014-072-PKS.
4. Name of judge to whom case was assigned: HON. STRONG
5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) PENDING.

3(A)

1. Williams V. Hazlehurst Police Department, et al.

2. The Southern District of Miss.

3. ~~3:17-909-JEE~~ 3:16cv-909-JCG

4. Hon. WHB - JCG

5. Pending

3(A)

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet(s) if necessary).

1. On or about the 30th day of August, 2016, I was transported to the Hinds County Detention Center in Raymond, MS., prior to an arrest, I was placed in a holding cell in the booking area, inside that cell it smelled bad, the toilet & sink area was unsanitized, the floor of the cell had dirt & grit all over it, I had to sleep on the floor for several hours before transferring without a mattress. 2. On or about the 31st day of August, 2016, I was then transferred to Unit B-1-Cell-5166, there, the floor had dried

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

DECLARATION

PRELIMINARY AND PERMANENT INJUNCTION

COMPENSATORY DAMAGES

PUNITIVE DAMAGES

Signed this 20th day of JUNE, 20 17.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Signature of plaintiff

Food all over the floor, along with dirt & grit, there was a large amount of black mold in my assigned cell, there is also a large amount of black mold in the Showers; top & bottom tier, Showers

3. The Ventilation inside that unit is not adequate, as the Vent Covers are clogged with dirt & lint causing no fresh air to enter the unit

4. There is no fire exits, the exits are welded shut, there are also no fire drills executed, and no evacuation plan in case of a fire

5. Also, the recreation door is welded shut, and no outdoors recreation is afforded to exercise or to get fresh air & sunlight to the skin.

6. On or about the 6th day of September, 2016, I was then transferred to Unit-A-3 Cell-5114, there, the floor had paper, dirt & grit all over it, no trash bag was present anywhere, it was also hot, as if no air was on, causing everyone to sweat and walk around without a uniform on

7. There was black mold inside my assigned cell, I pressed the issue to get it removed, it stayed there for me to be subject too, for three (3) Months; there is black mold in the showers, top and bottom of the Unit, the Ceilings of the showers are covered with the plague of black mold.

8. Black mold is also present in Cell-5112 of the Unit, this is a air-borne plague and will create death in the future no matter where the plague resides

4 (A)

9. The Ventilation System in the unit is also inadequate, the covers of the vents are completely clogged with dirt and lint and fresh air is unable to get in

10. The Outdoor recreation door is welded shut, I am not afforded Outdoors recreation, for the past ten Months, I have been requesting outdoors recreation and received none, I've been talking to Maintanence about the conditions of the rec. yard and they don't have a work order for such

11. Based on information & belief, the recreation doors has been welded shut since 2015 as I believe this information to be true Multiple Inmates can testify to this

12. Also, there are no fire exits, no fire sprinklers, in case of a fire, there are still no fire drills and no evacuation plan, as the fire exits are as the same

13. On two (2) occasions, the Hinds County Sheriff has threaten the pre-trial detainees, with death threats as well as threats to be beaten on, he has stated: "I will blow this Motherfucker up with y'all in it this is my jail (Mason inc.)," and, "I will beat all of y'all ass's", I have also heard, Mr. Mason say: "take them out from in front of the Camera and do what you want to with them," and I fear for my life here at all times

14. On the 8th day of March, 2017, I was subject to the misuse of force by deputy Sheriff: Tony Alexander, I was Kicked just below my arm pit, he stomped the back of my neck, then he hit me on the back of my left hand two (2) times hard with a black in color heavy duty flashlight, only because I complained

4(B)

about the Officer that was during a shake-down of my assigned, I was lying face down with my hands on my head, I was hearing paper hitting the floor, I looked back and asked the Officer to please don't throw my legal work all over the floor.

15. Deputy Alexander told me to: Shut the Fuck up Motherfucker and turn around and put your damned head down on the floor," so I did, at the same time, I stated: Sir, I was just asking her to not throw my legal work onto the floor," Mr. Alexander asked me what did I say, so I looked up at him and repeated to him that I asked the Officer that left my legal work disarray, and Mr. Alexander stated: so, shut the fuck up, and turn your motherfucking head around put it down all the way on the floor.

16. As I put my head back down, Mr. Alexander then kicked me, he stomped my + neck in the back of it, and he hit me with his flash light two (2) on my left hand, I was hurting, bruised, swollen, and numb, I could not properly use it for about Five (5) weeks as it was numb I that same spot

17. I asked Sergeant Don Jackson and Corrections deputy Dera Mola to take me to medical and they would not take me, Mr. Dera Mola told me that "I was fighting another inmate thats why I got hurt," and I still did not go to medical, and I did not get into any fight.

~~EXHAUSTION OF LEGAL EXAUS~~
EXHAUSTION OF LEGAL REMEDIES

18. Plaintiff Williams used the inmate grievance procedure available at the Hinds County Detention Center to try and solve the problems, each time plaintiff present these facts to the Warden, on some

4 (C)

occasions I never got a response, the ones she responded to, I try to appeal the to complete all steps of the procedure and it is hard to get the grievance forms in time to do so.

## LEGAL CLAIMS

19. Plaintiff reallege and incorporate by reference paragraphs 1-19

20. Defendants Board of Supervisors, Rushing are the supervisory respondant, insofar as they are to assure the overall procedures of the Jail are up to standards, and having learned of the barbaric conditions of Confinement and beatings upon the Misuse of force, creates an atmosphere of deliberate indifference to the inhabitants thereof health & Safety and violates and continue to violate Plaintiff's rights under the Fifth (5TH), Eighth (8TH), and the (Due Process Clause) of the Fourteenth (14TH) Amendment to the United States Constitution

21. Defendant Alexander used excessive force against Plaintiff Williams, by Kicking & Stomping, and striking him with a flashlight without need or provocation, and constitutes a violation of the Fifth (5TH), Eighth (8TH) and the (Due Process Clause) of the Fourteenth (14TH) Amendment to the United States Constitution

22. Defendant Don Jackson and Dera Mola, in failing to take Plaintiff Williams when he was seeking medical attention creates an atmosphere of deliberate indifference to pre trial detainees Safety, and a conspiracy to cover up acts of Misuse of force. and in Violation of the Fifth (5TH), Eighth (8TH), and the (Due Process Clause) of the Fourteenth (14TH) Amendment to the United States Constitution.

4 (D)

23. Defendant Williams witnessed defendant Alexander use excessive force and failed to act to stop that misconduct, Violated plaintiff Williams's rights under the Fifth (5TH), and the (Due Process Clause) of the Fourteenth (14TH) Amendment to the United States Constitution and Causing plaintiff Williams, pain, suffering, physical injury and emotional injury (distress).

24. Defendant Mason, failing to correct the misuse of force, uttering threats of physical harm and death and encouraging the continuation of the misuse of force, creates an atmosphere of deliberate indifference to the inhabitants thereof, rights, safety & health and Constitutes a Fifth (5TH), Eighth (8TH) and the (Due Process Clause) of the Fourteenth (14TH) Amendant to the United States Constitution, Causing plaintiff Williams pain, suffering, physical injury and emotional distress

25. Defendant Rushing learned of the misuse of force by the Sheriff's department and failed to instruct and/or supervise the execution of Shake-downs, creates an atmosphere of deliberate indifference to the inhabitants thereof rights, safety and health and Constitutes a Violation of the Fifth (5TH) Eighth (8TH) and the (Due Process Clause) of the Fourteenth (14TH) Amendment to the United States Constitution

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this Court enter judgment:

26. Granting Plaintiff Williams a declaration that the Conditions of Confinement, acts and omissions described herein Violate his rights under the Constitution and laws of the United States, and

4(E)

27. A preliminary and permanent injunction ordering defendants Board of Supervisors, Rushing, Mason, Alexander, Williams, Jackson, and Mola, to cause the barbaric conditions to be up to living standards, and to cease their physical violence and threats as well as provide the opportunity to those who seek medical attention dealing with institutional matters and so forth

28. Granting Plaintiff Williams compensatory damages in the amount of $100,000 each, against defendants, Board of Supervisors, Rushing and Mason, jointly and severally.

29. Granting Plaintiff Williams compensatory damages in the amount of $50,000 each, against defendants, Alexander and Williams jointly and severally

30. Granting plaintiff Williams compensatory damages in the amount of $10,000 each, against defendants, Jackson and Mola jointly and severally

31. Granting plaintiff Williams compensatory damages in the amount of $50,000 against defendant Mason only

32. Plaintiff seeks punitive damages in the amount of $50,000 against each defendant, jointly and severally.

33. Plaintiff also seek a jury trial on all issues triable by jury,

34. Plaintiff also seek recovery of his costs in this suit, and

35. Any additional relief this court deems just, proper and equitable.

DATE: June 20, 2017

Respectfully Submitted,

Kevin Williams # 57283
Hinds County Detention Center
1450 County Farm Rd.
Raymond, Ms. 39154

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Raymond, Mississippi on June 20, 2017

_Kevin L. Williams_
Kevin L. Williams

4 (G)